UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANNIEL MACAL                      )
                                   )
            Plaintiff              )
    vs.                            )    Case No.: 3:14-CV-1898 RLM
                                   )
BIOMET, INC., *et al.*,            )
                                   )
            Defendants             )

OPINION AND ORDER

Danniel Macal sued Biomet for damages in connection with the alleged failure of his Biomet M2a-Magnum hip implant. Biomet seeks summary judgment, arguing that his claims are barred by the applicable statute of limitations. For the following reasons, Biomet's summary judgment motion is granted as to Mr. Macal's deceptive practices claim, and denied in all other respects.

Summary judgment is appropriate when the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-392 (7th Cir. 2011). I must construe the evidence and all inferences that reasonably can be drawn from the evidence in the light most favorable to Mr. Macal, as the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). As the moving party, Biomet bears the burden of informing me of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986). If Biomet meets that burden, Mr. Macal can't rest upon the allegations in the pleadings, but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." Marr v. Bank of Am., N,A., 662 F.3d 963, 966 (7th Cir. 2011); see also Hastings Mut. Ins. Co. v. LaFollette, No. 1:07-cv-1085, 2009 WL 348769, at *2 (S.D. Ind. Feb. 6, 2009) ("It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies."); Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events").

Mr. Macal received two Biomet Magnum hip implants in Georgia – one on December 24, 2008 (the right hip) and the other on April 29, 2009 (the left hip). In 2009, he saw attorney advertising about Biomet metal-on-metal hip implants, and contemplated contacting an attorney to see if he could file a lawsuit against Biomet.

Mr. Macal moved to Florida in 2011 or 2012, and about two years later, in July 2014, doctors told him that he needed revision surgeries, after results from labs taken on July 17, 2014 showed that he had significantly elevated levels of serum cobalt and chromium. He underwent revision surgery on his right hip on

August 4, 2014; the left hip was revised a week later, on August 11, 2014. Both surgeries were performed in Jacksonville, Florida.

On August 8, 2014, Mr. Macal filed a complaint against Biomet in the Middle District of Florida, alleging strict product liability, negligence, breach of express and implied warranties, fraudulent misrepresentation, fraudulent concealment, and violation of the Florida Deceptive and Unfair Trade Practices Act. The Judicial Panel on Multi-District Litigation transferred his case to this docket and this court, pursuant to a conditional transfer order.

"[S]ince federal jurisdiction is based on diversity of citizenship, the choice-of-law rules to be used are those choice-of-law rules of the states where the actions were originally filed." In re Air Crash Disaster Near Chicago, 644 F.2d 594, 610 (7th Cir. 1981). The case was filed in Florida.

When choice of law conflicts arise, Florida courts apply the "most significant relationship" test set forth in the Restatement (Second) of Conflicts of Law. Bishop v. Florida Specialty Paint Co., 389 So.2d 999, 1001 (Fla. 1980). "[A]bsent special circumstances, '[t]he state where the injury occurred would…be the decisive consideration in determining the applicable choice of law.'" Pycsa Panama, S.A. v. Tensar Earth Technologies, Inc., 625 F.Supp.2d 1198, 1220 (S.D. Fla. 2008) (citing Bishop, 389 So.2d at 1001). Biomet asserts that the injury started in Georgia, so Georgia law, including its statute of limitations should apply, but the injury in question isn't the "discomfort" Mr. Macal felt following the initial

3

implants in Georgia. It's the injury that manifested itself while he was living in Florida (metallosis), was diagnosed in Florida, and that required revision surgeries in Florida. Accordingly, I will apply the Florida statutes of limitation.

Mr. Macal had to file his claims for product liability, negligence, breach of warranty, and fraud within four years from the time "the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence." Fla. Stat. Ann. §§ 95.031(2)(1) and (b) and 95.11.

Biomet contends that Mr. Macal complained of discomfort shortly after the devices were implanted, and became aware of a possible causal connection between his "injuries" and the Biomet hip implants by the end of 2009, when he saw attorney advertising on the subject and first thought about suing. From this, Biomet concludes that his product liability and related claims accrued no later than the end of 2009, more than four years before Mr. Macal had revision surgery and filed his complaint, and so are barred by Florida's four-year statute of limitations and (if applicable) Georgia's two year statute, Ga. Stat. Ann. § 9-3-33.

While Mr. Macal experienced "discomfort" in 2009, discomfort isn't the injury he alleges; it's simply a symptom. Mr. Macal contends that he wasn't aware of the true nature of his injury and the potential cause until his doctors made him aware of his need to have the revisions in July 2014, and his complaint was filed a month later, well within the limitations period.

4

Based on this record, a genuine issue of fact exists as to when Mr. Macal knew or should have known that the allegedly defective implants could have caused the injuries that made the revisions necessary. His knowledge that something was wrong, with the complexities of medical treatment, might have been enough to put him on inquiry notice as to the failure of the device itself. But that's a question of fact that can't be resolved on a motion for summary judgment. Biomet's motion is therefore denied as to the products liability and related claims of negligence, breach of warranty, and fraud, to the extent those claims are based on personal injury. *See* Adair v. Baker Bros., 366 S.E.2d 164, 165 (Ga. App. 1988); Woodward v. Sickles, 521 S.E.2d 211, 212 (Ga. App. 1999); Fla. Stat. § 95.11(3)(a).

Biomet argues that Mr. Macal's Deceptive and Unfair Trade Practice claim accrued at the time the implants were delivered in 2008 and 2009, and so is barred by Florida's four-year statute of limitations. See Fla. Stat. 95.11(3)(f); South Motor Co. v. Koktorczyk, 957 So.2d 1215, 1217 (Fla. App. 2007). Mr. Macal didn't address that argument in his response, and indicated that he doesn't intend to pursue that claim. Accordingly, I will deem Biomet's statement of the facts to be undisputed and grant its motion for summary judgment on the Deceptive and Unfair Trade Practice claim.

For the foregoing reasons, the court GRANTS Biomet's motion for summary judgment [Doc. No. 173] as to Mr. Macal's claim under the Florida Deceptive and

Unfair Practice Act, and DENIES the motion in all other respects.

SO ORDERED.

ENTERED:   December 14, 2018

                                                  /s/ Robert L. Miller, Jr.
                                       Judge, United States District Court